### In re SULLIVAN CLARK & ASSOCIATES, INC., Debtor.

#### Bankruptcy No. 8300679.

United States Bankruptcy Court, D. Rhode Island.

Sept. 12, 1986.

Louis B. Abilheira, Warren, R.I., for Charles Mason.

Joseph H. Rodio, Rodio & Ursillo, Ltd., Jason D. Monzack, Halpert & Scoliard, Providence, R.I., for debtor.

Thomas J. Curran, Johnston, R.I., Trustee.

William F. Hague, Jr., Dick & Hague, Providence, R.I., for Hague & Marso Realty, Inc., and Edmund Hague.

### ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on May 7, 1986 on Sullivan Clark & Associates' motion to amend Schedule B–3(b), wherein the debtor requests:

That the entry;

Book of Insurance Policies in force located at 9 Plymouth Road, East Providence, Rhode Island—value $75,000.00, be amended to read; Contract rights due under agreement dated November 1, 1982 from Hague & Marso Realty, Inc.—value $2,000.00.

Charles Mason,[1] a creditor, objects to the motion to amend, arguing that the so-called book of accounts is an asset of the debtor which Mason is entitled to purchase from the trustee. *See* Memorandum, dated May 14, 1986.

A statement of the travel of the instant controversy is amply set out in the two prior orders attached, and does not bear repeating. After considering the arguments of counsel, we find that:

1. On November 1, 1982 the debtor entered into an agreement with Hague & Marso Realty, Inc., pursuant to which the book of accounts in question was transferred to, and became property of Hague & Marso, subject to certain terms and conditions in the agreement. *See* Debtor's Exhibit A, Article 2, paragraph (d).

2. The book of accounts was not an asset of the estate at the time the debtor's bankruptcy petition was filed on September 26, 1983, and the trustee is not authorized to sell that property.

3. To the extent that the debtor retained an interest in the book of accounts after November 1982, that interest was in the nature of a personal services contract, and is non-transferable.

---

1. Samuel A. Miller, Esq., appeared on behalf of Mason at the hearing on the instant motion. Mr. Miller's appearance and participation at that hearing was in direct violation of our July 10, 1985 order, which disqualified him from representing Mason in this proceeding, on account of what we found to be a clear conflict of interest. Mr. Miller is cautioned that his failure in the future to comply with an order of this Court may result in the imposition of substantial sanctions. *See* Canon 5 of the Code of Professional Responsibility.

4. The estate is entitled to payment of commissions from Hague & Marso for services performed by Sullivan Clark & Associates, Inc. prior to the bankruptcy filing, in an amount to be later determined by the Court, in accordance with the formula provided in Article 3 of the November 1982 agreement.

Accordingly, based upon the findings and conclusions, 1 through 4 above, the debtor's motion to amend Schedule B–3(b) (which was supported by the trustee and Hague & Marso) is granted, except that the dollar value of the debtor's "contract rights due under [the November 1982 agreement]" will be determined after submission by the debtor of appropriate documentation.[2] Finally, any deposit made by Mason in connection with the purchase of the book of accounts should be refunded to him forthwith.

2. Mr. Monzack conceded that the $2,000 figure was an estimate, and he indicated that he would furnish an affidavit from Allyn F. Sullivan, Jr., and an accounting, from which the Court would be able to accurately determine the amount owing to the debtor under Article 3 of the 1982 agreement.